IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CARL STITT,

      **Petitioner,**

v.                                      Civil Action No. 5:17-CV-30

S. KALLIS, Warden,

      **Respondent.**

## REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

On March 8, 2017, the *pro se* Petitioner Carl Stitt ("Petitioner") filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is a federal inmate who is housed at FCI Hazelton and is challenging the validity of his sentence imposed in the United States District Court for the Western District of Pennsylvania. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

**II.    PROCEDURAL HISTORY[1]**

Petitioner was indicted on February 29, 2012, in the United States District Court for the Western District of Pennsylvania for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 1) and possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k) (Count 2). ECF No. 1. On August 6, 2012, Petitioner pleaded guilty to Count One pursuant to a written plea agreement. ECF No. 40. On May 2, 2013, Petitioner was sentenced to imprisonment for a term of 120 months, followed by three years of

---

[1] This information is taken from Petitioner's criminal docket in the United States District Court for the Western District of Pennsylvania, No. 2:12-cr-45-CB-1, which is available on PACER. Unless otherwise noted, the ECF referrals are to his criminal docket. *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record"); *Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.")

supervised release. ECF No. 70.  On May 15, 2013, Petitioner filed a Notice of Appeal. ECF No. 71. On October 20, 2013, the United States Court of Appeals for the Third Circuit granted the motion by the United States to enforce the appellate waiver and dismissed the appeal. ECF No. 82.

Roughly ten months later on August 26, 2014, Petitioner began his pursuit of collateral relief.  He filed a motion to vacate pursuant to 28 U.S.C. § 2255, claiming that he was improperly sentenced as a career offender because one of his predicate conviction, fleeing or attempting to elude a police officer, is not a crime of violence.  Petitioner also claimed ineffective assistance of counsel, that his offender level was incorrectly calculated under the Federal Sentencing Guidelines, and that there was a breach of his plea agreement because he was given the maximum penalty after being told that the Government would take steps at sentencing to mitigate his sentence.  Petitioner asked to be resentenced in light of his allegations. ECF No. 86.  On March 31, 2015, Petitioner's motion to vacate was denied on the grounds that Petitioner had made a knowing and voluntary waiver of his right to file a habeas corpus petition upon pleading guilty.  The Court noted that even though waiving of a defendant's right to file a § 2255 motion for ineffective assistance of counsel was no longer standard in the Circuit, agreements made prior to this change in which defendants did waive this right, such as Petitioner's plea agreement, were still enforceable.  The Court went on to say that even had Petitioner not waived this right, his ineffective assistance of counsel claim would still fail on the merits because Petitioner articulated no meaningful grounds to support such a claim. ECF No. 85. On December 31, 2015, the United States Court of Appeals for the Third Circuit denied Petitioner's request for a certificate of appealability. ECF No. 96.

On January 26, 2016, Petitioner, by counsel, filed a position statement and motion for reconsideration under Rule 60(b) of the District Court's decision to deny the § 2255. ECF No. 98. Petitioner based his request on the decision in *Johnson v. United* States, 135 S.Ct. 2551 (2015). On May 4, 2016, Petitioner's motion for reconsideration was transferred to the Third Circuit pursuant to 28 U.S.C. § 1631, on the grounds that Petitioner's motion was, in effect, a request for a second or successive § 2255 motion. ECF No. 108. The motion for reconsideration is still pending as of the date of the filing of this report and recommendation.

Petitioner then filed the instant writ of habeas corpus in this Court on March 8, 2017, pursuant to 28 U.S.C. § 2241 which is being addressed herein.[2]

## III. PETITIONER'S CLAIMS

In support of his § 2241 petition before this Court, Petitioner cites *Mathis v. United States* in arguing that his sentence is improper. *Mathis*, 136 S.Ct. 2243 (2016). Petitioner claims that under *Mathis*, his previous Pennsylvania conviction for fleeing and eluding no longer qualifies as a crime of violence, which would alter his base offense level and result in a decreased sentence range under the Federal Sentencing Guidelines. For relief, Petitioner requests that the Court vacate his enhanced sentence and resentence him to the correctly calculated guidelines range.

## IV. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and

---

[2] The undersigned notes that on April 17, 2017, Petitioner filed a *pro se* Motion under Rule 60(b) again requesting the District Court to reopen his § 2255 Motion and arguing that he is merely alleging that the Court erred in enforcing the plea waiver and is not pursuing a second or successive § 2255. ECF No. 109. The Government filed a Response on July 20, 2017 [ECF No. 117], and Petitioner filed a Traverse on August 3, 2017. ECF No. 118. On September 28, 2017, Petitioner filed a request that the Court take judicial notice under Rule 201 of the Federal Rules of Evidence of the decision issued in *Mathis v. United States*, 136 S.Ct. 2243 (2016) and resentence him to time served. ECF No. 119. No decision has been issued by the sentencing court. In effect, Petitioner has raised the same issue in the sentencing court as he raises with this court.

recommendations to the District Court.  This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing § 2254 Cases in the U.S. District Courts (2014); *see also* Rule 1(b) Rules Governing § 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).  As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal.  The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).  As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241 and, therefore, no response is required of Respondent.

**V.     DISCUSSION**

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the *execution* of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence."  *Anderson v. Pettiford*, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

However, there is a limited exception in which a challenge to the validity of a conviction may be raised in a § 2241 petition under the "savings clause" of § 2255:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for that relief by motion, to the court which sentenced him, or that the court has denied him relief, unless it also appears that the remedy by motion is **inadequate or ineffective to test the legality of his detention**.

28 U.S.C. § 2255(e) (emphasis added).

The Fourth Circuit has set forth the following test to determine whether § 2255 is inadequate and ineffective to test the legality of a conviction:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and** (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Moreover, the Fourth Circuit has held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction.[3] *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010), and does not extend to petitioners who challenge only their sentences. *See United States v. Poole*, 531 F.3d 263, 267 (4th Cir. 2008) (citing *In re Jones*, 226 F.3d at 334-34); *see also Rouse v. Wilson*, 584 Fed. Appx. 76 (4th Cir. 2014) (unpublished) ("The district court properly determined that Rouse could not proceed with his [challenge to his sentencing enhancement] under § 2241."); *Farrow v. Revell*, 541 Fed. Appx. 327, 328 (4th Cir. 2013) (unpublished) (finding that a challenge to an ACCA sentence was not cognizable in a § 2241

---

[3] "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 623 (1998).

petition); *Darden v. Stephens*, 426 F. Appx. 173 (4th Cir. 2011) (unpublished) (declining to extend the reach of the savings clause beyond instances of actual innocence of the underlying offense of conviction.)

Here, Petitioner relies on the United States Supreme Court's decision in *Mathis* (explaining how courts should determine whether a state crime can be used as predicate offense under the ACCA)[4] for relief. However, that decision did not decriminalize the conduct for which Petitioner was convicted, and therefore, under Fourth Circuit precedent, he is unable to satisfy the second prong of § 2255's savings clause to seek relief under § 2241.[5] Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. *Rice*, 617 F.3d at 807.

---

[4] More specifically, the Supreme Court outlined the process by which a district court should determine, for the purpose of the Armed Career Criminal Act, if a defendant's prior state-court conviction was one of the enumerated violent felonies listed in 18 U.S.C. § 924(e)(2)(B)(ii). 136 S.Ct. 2247-57. Prior to *Mathis*, the Supreme Court required a district court to compare the elements of the state crime with the generic version of the enumerated federal offense. If the state crime was "the same as, or narrower than, the relevant generic offense," then the state crime qualified as an enumerated offense. 136 S.Ct. at 2257; see also *Taylor v. United States*, 495 U.S. 575, 599 (1990). The Supreme Court reaffirmed this approach in *Mathis*, but added that, because the inquiry focused on the generic offense, a court "may not ask whether the defendant's conduct – his particular means of committing the crime – falls within the generic definition." 136 S.Ct. at 2257. Accordingly, the Supreme Court concluded that if the elements of the state law crime are broader than the generic version of an enumerated federal offense, then the state law conviction could not serve as a predicate for career offender status under the Armed Career Criminal Act. *Id*.

[5] The undersigned acknowledges that two circuits have held that the savings clause is applicable to challenges to allegedly unlawful sentences. See Hill v. Masters, 836 F.3d 591, 596 (6th Cir. 2016) (concluding that the savings clause permits § 2241 cases challenging fundamental sentencing errors, including sentences above a statutory maximum or mandatory guideline range) and Brown v, Caraway, 719 F.3d 583, 588 (7th Cir. 2013) (same). However, the United States Supreme Court has yet to issue a decision that would support the opinions reached by those circuits. Therefore, this Court should continue to follow Fourth Circuit precedent as outlined above. Moreover, to the extent that Petitioner relies on the decision by the Fourth Circuit to rehear *Surratt* as demonstrating its intent to expand their interpretation of the savings clause, the same is misplaced. *Surratt* was dismissed as moot after his sentence was commuted. *See* Case # 14-6851, Docket Number 138 (4th Cir. Apr. 21, 2017).Furthermore, although a petition for writ of certiorari has been filed, the United States Supreme Court has yet to grant the petition, let alone render a decision on the merits of the questions presented. *See* No. 17-5255.

## VI.     RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's § 2241 petition be **DENIED and DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in the waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. Upon entry of this Report and Recommendation, the Clerk of the Court is further **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: November 14, 2017

*/s Robert W. Trumble*
ROBERT W. TRUMBLE
U.S. MAGISTRATE JUDGE