IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CARL STITT,

        Petitioner,

v.                                      Civil Action No. 5:17CV30
                                                      (STAMP)

S. KALLIS, Warden,

        Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND OVERRULING PETITIONER'S OBJECTIONS**

I. Procedural History

The pro se[1] petitioner filed a Petition for Habeas Corpus Under 28 U.S.C. § 2241. Petitioner is a federal inmate who is housed at FCI Hazelton and is challenging the validity of his sentence imposed in the United States District Court for the Western District of Pennsylvania. In support of his § 2241 petition, petitioner cites Mathis v. United States 136 S.Ct. 2243 (2016), in arguing that his sentence is improper. Petitioner claims that under Mathis, his previous Pennsylvania conviction for fleeing and eluding no longer qualifies as a crime of violence, which would alter his base offense level and result in a decreased sentence range under the Federal Sentencing Guidelines. For relief,

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

the petitioner requests that the Court vacate his enhanced sentence and re-sentence him to the correctly calculated guidelines range.

United States Magistrate Judge Robert W. Trumble entered a report and recommendation. ECF No. 10. The magistrate judge found that the United States Supreme Court's decision in Mathis did not decriminalize the conduct for which petitioner was convicted, and therefore, under Fourth Circuit precedent, he is unable to satisfy the second prong of § 2255's savings clause to seek relief under § 2241. The magistrate judge states, "[w]here, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction." The magistrate judge recommended the petitioner's § 2241 petition be denied and dismissed without prejudice. ECF No. 10 at 7.

The petitioner timely filed objections. ECF No. 11. In his objections, the petitioner "specifically objects to the magistrate judge's report and recommendation suggesting that the petition should be dismissed without prejudice for lack of jurisdiction" stating that "this is absurd." ECF No. 11 at 1. Petitioner states, "Stitt specifically objects to the R&R's assertions that § 2255 is not inadequate or ineffective, and therefore, Stitt cannot proceed under the saving clause." ECF No. 11 at 2. Petitioner claims that the magistrate judge "fails to point out" that the savings clause is available for sentencing issues such as this. ECF

No. 11 at 2. Petitioner further asserts that the magistrate judge overlooked "the fact that the right to habeas corpus is ranked as fundamental" and asserts several objections to the magistrate judge's analysis and application of case law throughout the report and recommendation. Petitioner concludes his objections by asking this Court to "hold its ruling in abeyance until the Fourth Circuit issues the decision in Wheeler [United States v. Wheeler, No. 16-6073 (4th Cir. Nov. 2017)]". ECF No. 11 at 4.

After filing his objections, the petitioner also filed a motion for the Court to take notice of United States v. Welsh, 879 F.3d 530 (4th Cir. 2018) (ECF No. 13), a motion titled "Stitt Moves To Transfer His Section 2241" (ECF No. 14), motion to dismiss his previous motion to transfer and to take notice of United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018) (ECF No. 15), a motion to take notice of United States v. Winstead, 890 F.3d 1082 (D.C. Cir. 2018) (ECF No. 16), a motion titled "Stitt Moves Under Fed. R. Evid. 201(d) In Light Of The Denial Of Rehearing In Wheeler," (ECF No. 17), a motion for leave to amend his argument under Wheeler (ECF No. 18), and a motion to order a response from the United States (ECF No. 19).

II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed

3

objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u> as to those findings to which the petitioner objected. As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. <u>Discussion</u>

Because the petitioner filed objections to the report and recommendation, this Court reviews the magistrate judge's recommendation <u>de novo</u> as to those findings to which objections were made. For the reasons stated below, this Court adopts and affirms the report and recommendation of the magistrate judge (ECF No. 10) overrules the petitioner's objections (ECF No. 11), and after consideration of the petitioner's various motions following the magistrate judge's report and recommendation and the petitioner's objections thereto, dismisses the petition (ECF No. 1) without prejudice.

In his objections, the petitioner objects to the magistrate judge's finding within the report and recommendation that the petition should be dismissed without prejudice for lack of jurisdiction" stating that "this is absurd." ECF No. 11 at 1. However, as grounds for this argument, petitioner merely posits his own speculative reading of <u>United States v. Smith</u>, No. 13-6177, 2017 U.S. App. LEXIS 19853 (4th Cir. Oct. 11, 2017). This Court

4

finds petitioner's argument unpersuasive. Next, petitioner objects to the magistrate judge's finding that his petition cannot proceed under the saving clause. ECF No. 11 at 2. Petitioner claims that the magistrate judge "fails to point out" that the savings clause is available for sentencing issues such as this, and first raises his argument under Wheeler. Petitioner then proceeds by specifically objecting to the "application" of numerous cases and the "magistrate's reliance" on several cases. Petitioner concludes his objections by asking this Court to "hold its ruling in abeyance until the Fourth Circuit issues the decision in Wheeler". ECF No. 11 at 4.

Upon de novo review, this Court is of the opinion that the magistrate judge's report and recommendation should be adopted and affirmed in its entirety and the petitioner's objections should be overruled in that Mathis did not decriminalize the conduct for which petitioner was convicted, and therefore, under Fourth Circuit precedent, he is unable to satisfy the second prong of § 2255's savings clause to seek relief under § 2241. The magistrate judge correctly found that where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. Rice, 617 F.3d at 807. However, this Court notes that soon after filing his objections, the petitioner filed various motions which request that this Court take

notice of several cases and raises an argument under Wheeler. Upon review of the petitioner's various post-objection motions, this Court finds that it is appropriate to grant the petitioner's request to amend his argument under Wheeler and act on his requests to take notice of the various cases by permitting the petitioner to re-file his petition and assert his amended argument. The Court further finds that it is appropriate to grant to petitioner's request to deny his earlier motion to transfer, and to dismiss plaintiff's petition without prejudice with leave to re-file. This Court finds that at the time the magistrate judge's report and recommendation was entered, it was accurate and fully considered petitioner's arguments based on settled precedent. However, to the extent that the Fourth Circuit has since changed the savings clause and the petitioner states that his earlier arguments need to be amended as the case law was not ultimately settled, this Court permits the petitioner to re-file his petition in order to assert appropriate argument under Wheeler with the appropriate case law and citations in support when the pending issues are ultimately resolved.

IV. Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 10) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's objections (ECF No. 11) are OVERRULED. Petitioner's motion for the Court to take notice

of United States v. Welsh, 879 F.3d 530 (4th Cir. 2018) (ECF No. 13) is DENIED AS MOOT. Petitioner's motion titled "Stitt Moves To Transfer His Section 2241" (ECF No. 14) is DENIED AS MOOT. Petitioner's motion to dismiss his previous motion to transfer and to take notice of United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018) (ECF No. 15) is GRANTED. Petitioner's motion to take notice of United States v. Winstead, 890 F.3d 1082 (D.C. Cir. 2018) (ECF No. 16) is DENIED AS MOOT. Petitioner's motion titled "Stitt Moves Under Fed. R. Evid. 201(d) In Light Of The Denial Of Rehearing In Wheeler," (ECF No. 17) is DENIED. Petitioner's motion for leave to amend his argument under Wheeler (ECF No. 18) is GRANTED IN PART. Petitioner's motion to order a response from the United States (ECF No. 19) is DENIED.

It is further ORDERED that this case be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil

Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 28, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
